UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR AMADOR BATRES-ALVARADO; VICTORIA VILLEGAS-ACUNA; GALA VICTORIA BATRES-VILLEGAS,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No.   16-72280

Agency Nos.   A200-790-876
A200-790-877
A200-790-878

ORDER

Before:  BENNETT and SANCHEZ, Circuit Judges, and EZRA,* District Judge.

The memorandum disposition filed March 16, 2026, is hereby amended. The amended memorandum disposition will be filed concurrently with this order.

---

*   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR AMADOR BATRES-
ALVARADO; VICTORIA VILLEGAS-
ACUNA; GALA VICTORIA BATRES-
VILLEGAS,

                  Petitioners,

  v.

TODD BLANCHE, Acting Attorney
General,

                  Respondent.

No.    16-72280

Agency Nos.    A200-790-876
                        A200-790-877
                        A200-790-878

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2026[**]
Las Vegas, Nevada

Before:  BENNETT and SANCHEZ, Circuit Judges, and EZRA,[***] District Judge.

Petitioner Edgar Amador Batres Alvarado and his wife and daughter,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Victoria Villegas Acuna and Gala Victoria Batres-Villegas, natives and citizens of Mexico, petition for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

To the extent the BIA "adopts or relies on the IJ's reasoning," we review both agency decisions. *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). The agency's findings on internal relocation are reviewed for substantial evidence, *Singh v. Bondi*, 161 F.4th 560, 565 (9th Cir. 2025), and legal questions are reviewed de novo, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Under the "highly deferential substantial evidence standard . . . the agency's findings of fact are considered 'conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Id.* (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

An applicant for asylum must show either that he "has suffered past persecution" or that he "has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(a)–(b). An applicant "does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality" and "under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *cf.*

*Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020). In assessing whether relocation is reasonable, the adjudicator must conduct an "individualized analysis" and consider factors like "potential harm in the suggested relocation area, ongoing civil strife in the country, and social and cultural constraints, among others." *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019); *see also Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (further discussing reasonableness factors for internal relocation). Because Batres-Alvarado "has not established past persecution, '[he] bear[s] the burden of establishing that it would not be reasonable for him [] to relocate.'" *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.13(b)(3)(i)).

Batres-Alvarado, a former federal police officer, argues that the IJ failed to correctly apply the law regarding the reasonableness of internal relocation. We disagree. In determining that Batres-Alvarado could relocate to Mexico City, the IJ evaluated his individual circumstances, appropriately relied on record evidence and relevant precedent, and applied the correct legal standard. The IJ considered factors such as Batres-Alvarado's prior connection to Mexico City, the geographical reach of Los Zetas, the distance from Zacatecas to Mexico City, and whether Los Zetas and other cartels routinely target former government officials throughout Mexico.

Substantial evidence supports the agency's internal relocation determination. While Petitioners have presented evidence that Los Zetas operate heavily in

3

Zacatecas, the record does not indicate that the group has similar influence in Mexico City or would pursue Batres-Alvarado there. The record does not indicate that Los Zetas are looking for Batres-Alvarado or that he has received any threats, and he testified that he would not be recognized as a former police officer in Mexico City. Batres-Alvarado fears that corrupt government officials or former colleagues may share his identity or whereabouts with cartels, but he testified he has had no contact with these colleagues since he left Mexico, and the record contains no evidence of their motivations for harming him or of their current connection to armed groups. 8 U.S.C. § 1158(b)(1)(B)(ii) (uncorroborated credible testimony must be persuasive and refer to "specific facts"); *see Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (holding that a petitioner bears the burden of supplying "specific facts" to prove eligibility for asylum). Under the deferential substantial evidence standard, the record before us does not compel a conclusion contrary to the agency's determination.

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.

4